# Township of Springfield, (Montgomery County), et al., Appellants, v. The Public Service Commission.

*Public service companies—Water companies—Fire protection service—Second-class townships—Powers—Act of July 14, 1917, P. L. 840, chapter 7, article I, section 381.*

Townships of the first class are, in effect, quasi municipal corporations and contracts which they make for public service are subject to the scrutiny and approval of the Public Service Commission in the same manner as those of a borough or city.

Where the township commissioners, under the authority of the Act of July 14, 1917, P. L. 840, chapter 7, article I, section 381,

218 SPRINGFIELD TWP., Appel., *v.* PUB. SER. COM.

enter into contracts with a water company to supply fire protection, such contracts are subject to the power of the Public Service Commission to determine the fair and reasonable rates which the water company is entitled to receive for said service.

The determination by the Public Service Commission of the rate to be charged by the water company, which was not unconstitutional, unlawful, arbitrary or unreasonable, is the proper legal rate, notwithstanding the fact that the various townships had entered into contracts with the water company providing for other rates prior to the Public Service Company Law.

Argued October 27, 1919.   Appeals, Nos. 24, 25, 26, 28, 29, 37 and 40, Oct. T., 1919, by complainants, from the order of the Public Service Commission of Pennsylvania in the case of Township of Springfield, (Montgomery County), et al. v. The Public Service Commission of Pennsylvania and The Springfield Consolidated Water Company.   Before ORLADY, P. J.; PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.   Dismissed.

Complaints against the Springfield Consolidated Water Company on account of schedule of increased rates for fire protection service.

The charges in said schedule were alleged to be unjust and unreasonable.

After a hearing the commission filed a report dismissing the complaints.

*Error assigned,* among others, was the order of the commission.

*Parker S. Williams,* for the Townships of Springfield, (Montgomery County), Cheltenham, Lower Merion and Abington, appellants, and with him *Howard M. Lutz, Charles F. DaCosta* and *W. Roger Fronefield,* for the Townships of Upper Darby, Radnor and Haverford, appellants.

*William I. Schaffer,* and with him *Montgomery Evans*

and *Arthur L. Reeser*, for Springfield Consolidated Water Company, intervening appellee.

*Berne H. Evans*, Counsel, and *John Fox Weiss*, Assistant Counsel, for the Public Service Commission.

OPINION BY KELLER, J., February 28, 1920:

The only difference between the present appeals and the case of the Borough of Lansdowne v. Public Service Commission, decided this day, is that the appellants are not boroughs, but townships of the first class. The Township Act of 1917, Act of July 14, 1917, P. L. 840, provides, (Ch. VII, Art. I, Sec. 381), that the corporate power of a township of the first class shall be vested in the board of township commissioners, and expressly gives the board of commissioners power to enter into contracts with any person or corporation to supply water for fire protection for a period not exceeding twenty years, or to erect, maintain and operate its own water works. Acting under this authority which was also committed to them by the prior Act of July 9, 1901, P. L. 627, the several boards of township commissioners entered into contracts with the water company similar to those referred to in the Lansdowne case. The power to provide for such fire protection having been expressly committed to the board of township commissioners and having been exercised by them, it was not beyond the power of the Public Service Commission to determine the fair and reasonable rates which the water company was entitled to receive for such service. Townships of the first class are in effect quasi municipal corporations, and contracts which they make for public service are subject to the scrutiny and approval of the Public Service Commission, the same as those of a borough or city. We have already pointed out in the Lansdowne case that it is not unreasonable that the amount paid for fire protection service should be based as nearly as possible on the cost of such service and that the same

rule should apply in distributing the total cost of such service among the municipal divisions thus protected. The rate is not to be in proportion to the risk from fire, but to the cost of service, and the greater the mileage of supply mains used for fire protection in a municipal division, the greater is the cost.

For the reasons set forth in the Lansdowne decision, we are of opinion that the order of the commission, in so far as it fixed the rates to be paid for fire protection service by the present appellants, (townships of the first class), was not unconstitutional, unlawful, arbitrary and unreasonable, and the several appeals are therefore dismissed at the costs of the respective appellants.